TUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TORIANO CORNELL DAVIS,

        Defendant.

                       /

Case No. 2:21-cr-20657

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING MOTIONS
## FOR COMPASSIONATE RELEASE [63] AND TO APPOINT COUNSEL [66]

After Toriano Cornell Davis pleaded guilty to two counts of sex trafficking a minor in violation of 18 U.S.C. § 1591(a), the Court sentenced him to 188 months' imprisonment and five years' supervised release. ECF No. 41, PageID.315–317. Davis moved for a five year reduction in his sentence and to appoint counsel. ECF Nos. 63, 66. The Government opposed the motion. ECF No. 68. For the following reasons, the Court will deny the motion.

## BACKGROUND

Davis sex trafficked children in metro-Detroit while he was on pretrial release for a federal drug offense. ECF No. 36, PageID.229–231, 242. He rented motel rooms for his young victims, posted ads online that advertised the children for commercial sex, and kept the money from the illegal encounters for himself. *Id.* at PageID.230. After he pleaded guilty to two counts of sex trafficking a minor, the Government dismissed the production of child pornography charge that carried a higher

1

mandatory minimum sentence. *Id.* at PageID.233–234. The Court sentenced him to 188 months' imprisonment, the bottom of the guideline range. *Id.* at PageID.250. Davis later moved to vacate his sentence under 28 U.S.C. § 2255 and alleged ineffective assistance of counsel. ECF No. 42. The Court denied the motion. ECF No. 52. Two years later, Davis sent a letter to the Court requesting a five year sentence reduction. ECF No. 63. Though he did not intend for the letter to be a motion, ECF No. 66, the Court construed the pro se letter as a motion under § 3582(c), the mechanism through which to pursue sentence modification. And because the Court construed the letter as a motion, Defendant requested the appointment of counsel. ECF No. 66.

## LEGAL STANDARD

In general, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. 3582(c). The few exceptions to the general rule are governed by § 3582(c)(1), commonly known as the compassionate release provision. Historically, only the Bureau of Prisons could move for compassionate release of a prisoner. *United States v. McCall*, 56 F.4th 1048, 1053–54 (6th Cir. 2022) (en banc). Since the First Step Act of 2018, however, Prisoners have also been able to move for compassionate release themselves, but only after exhausting administrative remedies. *Id.* at 1054; 18 U.S.C. § 3582(c)(1)(A). The requirement is satisfied once Defendant has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden." 18 U.S.C. § 3582(c)(1)(A).

On the merits, the Court may grant compassionate release if a prisoner meets three requirements. *McCall*, 56 F.4th at 1053–54. First, "extraordinary and compelling reasons" must "warrant a sentence reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Third, the Court must consider any applicable § 3553(a) factors. *Id.* If any prerequisite is not met, the Court must deny the motion and need not address the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## DISCUSSION

Defendant's motion likely fails at the outset because he did not establish administrative exhaustion. Most district courts agree that a defendant bears the burden of showing he has exhausted his administrative remedies. *See, e.g.*, *United States v. Poole*, 472 F. Supp. 3d 450, 455 (W.D. Tenn. 2020). And when, as here, the Government "properly invoke[s]" the exhaustion requirement, courts *must* enforce these "mandatory claim-processing rules." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). The record contains no mention (let alone any evidence) of exhaustion.

But even if Defendant exhausted his BOP remedies, the Court would still deny the motion because the § 3553(a) factors do not support a sentence modification. As described above, Defendant's offense conduct involved sex trafficking minors for profit. *See* 18 U.S.C. § 3553(a)(1). Defendant also committed the offense while on bond for another federal crime. ECF No. 36, PageID.242. *See United States v. Smith*, No. 21-6242, 2022 WL 18144101, at *2 (6th Cir. Dec. 16, 2022) ("[W]e have repeatedly

3

held that a district court does not abuse its discretion when it denies compassionate release based on the seriousness of the underlying offense and the defendant's criminal history.").

What is more, the Court imposed a sentence at the bottom of the guidelines range. *See* ECF No. 49, PageID.361; 18 U.S.C. § 3553(a)(4). Anything shorter would neither "reflect the seriousness of the offense" nor "afford adequate deterrence" to the conduct underlying Defendant's conviction. *See* 18 U.S.C. § 3553(a)(2). It might even create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* at § 3553(a)(6). The Court chose this sentence in part because it believed Defendant needed the education and treatment provided by the BOP. ECF No. 49, PageID.373; 18 U.S.C. § 3553(a)(2)(D). Early release would not only undermine respect for the rule of law but also threaten the safety of the community.

The Court acknowledges that Defendant believes he has reformed his character during his incarceration. But the § 3553(a) factors weigh strongly against a sentence modification. Thus, the Court would deny the motion even if Defendant exhausted his administrative remedies. And because the motion is without merit, the Court will deny Defendant's motion to appoint counsel as moot. ECF No. 66.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for sentence reduction [63] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to appoint counsel [66] is **DENIED AS MOOT**.

SO ORDERED.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 28, 2026